Freeman, J.,
delivered the opinion of the Court.
Caldwell, the defendant in error, sued Trevathan and one John Pose, before Kendall, a Justice of the Peace for Henry county, on a note signed by P. C. Pose, John Pose, and Henry Trevathan.
John Pose plead before the Justice non est factum. The Justice rendered a judgment against Trevathan for the amount due, but failed at the time to render any judgment against or in favor of John Pose, or dispose of the case in entering this judgment in any way as to said Pose.
Trevathan appealed to the Circuit Court, and *537 there filed a special plea in which he alleges, “that he executed the note upon which the plaintiff’s action is founded, or signed his name thereto as the surety of defendant, John Nose, under the belief that the signature of said John Nose to the said note was genuine, and that the said note was executed in renewal of a judgment in favor of plaintiff against said John Nose, for -which this defendant was bound as stayor, when the signature of said John is a forgery.”
The case was submitted to a jury, under a charge, erroneous perhaps, but the error, if any, was favorable to Trevathan, .and we can see no ground on which a reversal can be had here.
The proof shows that the' note Avas taken to Trevathan, by Nancy Nose, with the name of N. C. Nose and John Nose signed to it, and thereupon Trevathan signed his name under the other names, and as one of the witnesses says, as a favor to John Nose and N. C. Nose. The proof further shows that Trevathan was a cousin of the Noses, and had lived near them for many years, was intimate with them, and if he did not know the signatures of the parties, as probably he did, had ample means of knowledge, and was guilty of gross laches, in not inquiring as to the facts of the case, if he had any hesitancy in going on the paper. It is equally clear that Caldwell, the payee, had nothing to do with the procurement of the signature of Trevathan to the note, but had agreed with the' Noses, through the constable, Street, that he *538 would give the parties time on a debt in bis favor, in tbe bands of said constable, if a note was given with the name of the Boses and Trevathan on the paper. Caldwell is innocent of all wrong in this case, and released a levy on property, which was returned to the Boses on receiving’ the note. On the principle, that has been recognized as almost an axiom since the great leading case of Lickbarrow v. Mason, 6 East, 21, Smith’s Lead. Cases, vol. 1, pt. 2d, 1044, “that wherever one of two innocent persons must suffer by the acts of a third party, he who has enabled that third party to occasion that loss must sustain it,” Trevathan would be properly held responsible, even though the name of John Bose had been forged in this case, and he was not liable on the paper.
However, we think the proof fails to show that said Bose was not liable on said note, if that question was necessary to be decided in this case.
It is insisted that the judgment of the Justice is conclusive of the fact, that John Bose was not liable on the note, and that he was relieved from liability by the finding of the Justice in his favor, on the plea of non est factum.
"We do not think the paper presented in this record as a judgment, can have any legal effect whatever as a judgment.
It seems that in the trial of this case in the Circuit Court, as the bill of exceptions recites, “on the application of defendant Trevathan, it appearing to the court from the statement of Samuel Kendall, *539 the Justice of the Peace who bad tried the case, that on the trial be bad rendered judgment in favor of John Nose against Caldwell for the costs, on the plea of non est factum, and thereupon the court permitted Kendall "to amend his judgment, by inserting such a judgment as he describes in the entry.
This court held in the case of Bynum v. Murrell, 8 Hum., 702, that a Justice of the Peace could not set aside an entry of satisfaction of a judgment, made on his docket, by consent and agreement of the parties, and the court say, “to permit matters of record, or quasi record, to be obliterated and destroyed in the mode pursued in this case, would be obviously fraught with consequences most dangerous to the security of judgment debtors.” Ve fhink the principle of equal force in reference to such an amendment as was here permitted by his Honor. The amendment, or rather entry of a judgment, is made by the Justice, months after, the case had been tried. He had carried the judgment in his own bosom up to that time,' and now in order to furnish evidence on the trial of an issue in the Circuit Court, he is permitted to enter his judgment, without notice to the party against whom it is rendered, and without anything of record by which to amend — but solely from his memory. Prom what time shall the judgment take effect — from the date of the trial before the justice, or of the entry by way of amendment in the Circuit Court? "We hold this cannot be permitted, and was not authorized by even the most *540 liberal practice in reference to these domestic tribunals.
The warrant having been served on two, and judgment rendered as to only one, it will be presumed in favor of the Justice’s judgment, in the Circuit Court, that the suit was dismissed as to the other defendant: 4 Yer., 22.
Properly considered, the case stood in the Circuit Court, as if Caldwell had dismissed his suit as to John Kose, so that the question of the judgment' in his favor on the plea of non est factura, was not in the case.
In any aspect of the case, however, we hold the verdict of the jury was well warranted by the proof, and affirm the same.